Complaint Brought Pursuant to 42 U.S.C. sec. 1983 for False Arrest, False Imprisonment, Malicious Prosecution, Intentional Infliction of Emotional Distress, Conspiracy and Negligence

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARTHUR BURTON

                            Plaintiff                                  CIVIL ACTION:

v.

THE CITY OF NEW YORK,,
POLICE OFFICER JOSHUA JIMENEZ(SHEILD# 6074)
POLICE OFFICER JANE DOE

                                                                             VERIFIED COMPLAINT
                                                                             JURY CLAIM
                                                                            AS TO ALL COUNTS

                            Defendants

---

**INTRODUCTION**

ARTHUR BURTON ["BURTON"] a resident of Bronx County, State of New York asserts the following claims against the defendants in the above-entitled action:

- Violation of 42 U.S.C. 1983: False Arrest
- Violation of 42 U.S.C. 1983: False Imprisonment
- Violation of U.S.C. 1983: Excessive Force
- Assault and Battery
- Violation of 42 U.S.C. 1983: Malicious Prosecution
- Intentional Infliction of Emotional Distress
- Violation of 42 U.S.C. 1983: Conspiracy
- Negligence

## JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R Civ.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

## PARTIES

3. Plaintiff ARTHUR BURTON [hereinafter " BURTON"] is a natural person residing in The Bronx, New York, United States of America; was a resident of The Bronx during all relevant times of this action.

5. Defendant City of New York (hereinafter "CITY") is a properly incorporated city in the State of New York

6. Defendant New York Police Department (hereinafter "NYPD") is an authorized agency of the City of New York

7. Defendants Police Officer Joshua Jimenez (hereinafter "JIMENEZ"), and Officer Jane Doe (hereinafter referred to as "DOE") are employees of the New York Police Department.

8. At all times material to this Complaint, Defendants CITY and the NYPD acted toward Plaintiff under color of the statutes, ordinances, customs and usage of the City and State of New York.

9. At all relevant times quotations as to violations of specific Constitutional Amendments are discussed as incorporated under the Fourteenth Amendment, with respect to non-federal actors.

## FACTS

10. In the early evening of October 30, 2018, at approximately 7:30pm, BURTON was inside his cousin's apartment located at apartment 811, inside of 1880 Valentine Avenue in the County of the Bronx.

11. Shortly before 7:30pm, BURTON's nephew Quavon had an argument with his girlfriend Nicole in front of 1880 Valentine Avenue.

12. Quavon entered into apartment 811 agitated and yelling, grabbing BURTON's attention.

13. Upon hearing this, BURTON came out of the backroom to see what all the commotion was about.

14. BURTON's sister Joanne Getter, who was also present, informed BURTON that Quavon's girlfriend was outside about to call the police on Quavon because Quavon allegeldy would not give his girlfriend back her car keys.

15. In the hopes of deescalating the situation, BURTON attempted to go downstairs to speak to Quavon's girlfriend and give her the car keys she was requesting.

16. Upon BURTON waiting on the elevator, the elevator door opened to police officer JIMENEZ and DOE stepping out.

17. In anticipation of what the officers were coming to the floor for, BURTON attempted to hand JIMENEZ and DOE the keys Quavon's girlfriend presumably called the police for in the first place.

18. As BURTON attempted to hand the keys to JIMENEZ and DOE, he was asked what apartment he was coming out of.

19. BURTON informed JIMENEZ and DOE that he was Quavon's uncle and was attempting to keep the peace by giving the car keys back that was the source of the argument, but was hesitant to give JIMENEZ and DOE the apartment number..

20. Upon further pressing the matter, BURTON relented and walked JIMENEZ and DOE to the apartment door in question.

21. As BURTON walked JIMENEZ and DOE to the apartment door, JIMENEZ informed BURTON that Quavon's girlfriend also wanted her daughter (to whom Quavon is the father) brought downstairs as well.

22. BURTON opened the door and informed his sister Joanne that the police were there to bring Quavon's daughter back downstairs to the mother.

23. BURTON's sister agreed to bring the baby downstairs but wanted to put a coat on the baby first.

24. BURTON stayed in the doorway speaking to the police while the baby's coat was being put on.

25. JIMENEZ and DOE became impatient and stated to BURTON they were going inside to "get the kid".

26. BURTON informed JIMENEZ and DOE that there were additional kids in the apartment and that barging in aggressively was uncalled for and potentially dangerous to the children.

27. Instead of patiently waiting, JIMENEZ grabbed BURTON by his left hand, spun him around so that BURTON's back was up against JIMENEZ's chest and grabbed him by his waist and slammed BURTON to the ground.

28. Before BURTON could say he wasn't resisting, JIMENEZ and DOE had presumably called for back up, and multiple additional NYPD police officers piled on top of BURTON's body.

29. JIMENEZ and DOE had their respective knees in BURTON's back while he was fce down, stomach on the ground. Additionally, BURTON was being punched in his left side and lower back.

30. BURTON momentarily passed out and was picked up and put in a police vehicle and taken to the 46th Precinct.

31. Once at the 46th Precinct, BURTON requested medical attention and was taken to St. Barnabas Hospital in Bronx County.

32. After being treated at the hospital, BURTON was transported to central booking an eventually arraigned on misdemeanor charges of Resisting Arrest and Obstruction of Governmental Administration.

33. BURTON went to court one additional time after arraignments, and then on the April 4, 2019, the matter was dismissed and sealed.

**COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: FALSE ARREST**

34. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 33 above with the same force and effect as if herein set forth.

35. At all times relevant herein, the conduct of the Defendants were subject to 42 U.S.C. sections 1983, 1985, 1986 and 1988.

36. Acting under color of law, Defendant's engaged in a denial of BURTON' rights, privileges or immunities secured by the United States Constitution or by Federal Law, as incorporated by the 14th amendment.

37. There was no probable cause for the October 30, 2018 arrest and incarceration of BURTON and as a result his constitutional rights were violated.

38. As a result of the Defendant's unlawful and malicious action BURTON was temporarily deprived of both his liberty without due process of the law and his right to equal protection of the laws, and the due course of justice was impeached, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. section 1983.

WHEREFORE, Plaintiff demands judgment for the false arrest against all the Defendant's jointly and severally, for the actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said defendants, jointly and severally for punitive damages in the amount of $5,000,000 plus the costs of this action, including attorney's fees, and such actual relief deemed to be just and equitable.

"Punitive damages are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless of callous

indifference to plaintiff's federally protected rights." *Smith v. Wade*, 461 U.S. 30, 50-51 (1983). *Clark v. Taylor*, 710 F.2d 4, 14 (1st Cir. 1983). Miga, supra at 355.

## COUNT 2: VIOLATIONS of 42 U.S.C. 1983: FALSE IMPRISONMENT

39. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 38 above with the same force and effect as if herein set forth.

40. As a result of the unlawful and malicious arrest of BURTON for which there was no probable cause, BURTON was incarcerated for 24 hours without justification or consent, whereby Defendants deprived BURTON of his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the false detention and confinement against all the Defendant's jointly and severally, for actual, general, special and compensatory damages in the amount of $100,000.00 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000.00 plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 3: VIOLATION OF 42 U.S.C. 1983: EXCESSIVE FORCE

41. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 40 above with the same force and effect as if herein set forth.

42. The conduct and actions of JIMENEZ and JANE DOE, acting in concert and under color of law, in authorizing, directing and/or causing BURTON to be repeatedly punched about the body, was excessive and unreasonable, was done intentionally, willfully, maliciously, with deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiffs rights as guaranteed under 42 U.S.C. Sec 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of excessive, unreasonable and unjustified force.

43. As a direct and proximate result of the foregoing, Plaintiff was subject to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands judgment for the excessive force used against him by the Defendants against all Defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 4: ASSAULT AND BATTERY**

44. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 43 above with the same force and effect as if herein set forth.

45. By the aforementioned conduct described above, Defendants inflicted the torts of assault and battery upon BURTON. The acts and conduct of JIMINEZ, and JANE DOE were the direct and proximate cause of injury and damage to BURTON and violated BURTON's statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York

46. JIMINEZ, and JANE DOE'S acts constituted an assault upon Plaintiff in that aforementioned Defendants intentionally attempted to injure BURTON or commit battery upon him.

47. JIMINEZ and JANE DOE'S acts constituted a battery upon BURTON in that the above described bodily contact was intentional, unauthorized, and grossly offensive in nature.

48. The actions of JIMINEZ and JANE DOE were intentional, reckless, and unwarranted, and without any just cause or provocation, and aforementioned Defendants knew, or should have known that their respective actions were without the consent of BURTON.

49. The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct described above, and BURTON did not contribute thereto.

50. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured, including but not limited to bruising and contusions about the body .

WHEREFORE, Plaintiff demands judgment for the assault and battery exerted against him towards all Defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the

amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT 5: VIOLATIONS OF 42 U.S.C. 1983: MALICIOUS PROSECUTION

51. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 50 above with the same force and effect as if herein set forth.

52. Defendants, intentionally and maliciously, instituted and pursued a criminal action against BURTON that was brought without probable cause and was dismissed in BURTON's favor.

53. As a result of the concerted unlawful and malicious prosecution of BURTON, the Defendants deprived BURTON of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the malicious prosecution against all Defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT 6: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 53 above with the same force and effect as if herein set forth.

55. Defendants intentional and reckless conduct resulted in the extended incarceration of BURTON.

56. The failure of the Defendants to properly exercise discretion in whom they arrest was extreme and outrageous conduct, and this conduct was the actual and proximate cause of severe emotional distress suffered by BURTON due to his wrongful imprisonment.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

**COUNT 7: VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY**

57. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 56 above with the same force and effect as if herein set forth.

58. At all times relevant to this Complaint, the Defendants engaged in a conspiracy in furtherance of illegal behavior in allowing the false arrest and malicious prosecution of BURTON.

59. Defendants had knowledge or, had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done as heretofore alleged, were about to be committed.

60. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed to do so.

61. Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct heretofore described.

62. As a direct and proximate cause of the negligent and intentional acts of the Defendants, as set forth in paragraphs 1-50 above, Plaintiff suffered loss of physical liberty, severe physical pain and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourteenth Amendment of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 8: NEGLIGENCE**

63. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 56 above with the same force and effect as if herein set forth.

64. Defendants owed a duty to pursue criminal actions only against suspects for which there is sufficient probable cause that the suspect had committed the criminal offense in question.

65. Defendants breached that duty to BURTON when they arrested him when there was, no probable cause sufficient to support a finding that BURTON was in any way committing a crime before the police approached him.

65. As a result of the breach, which were the actual and proximate cause of BURTON' injury, BURTON suffered harm and damages.

66. Defendants are also liable under the doctrine of *Respondeat Superior*.

WHEREFORE, Plaintiff demands judgment against Defendants for actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair and appropriate.

Respectfully submitted,

ARTHUR BURTON
By his attorney
April 19 2021

Conway C. Martindale II
Martindale & Associates, PLLC
295 Madison Avenue, 12th Floor
New York, NY 10017
212-405-2233

PLAINTIFFS VERIFICATION

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

ARTHUR BURTON

Subscribed and sworn to before me, this 19th day of April 2021

Notary Public

CONWAY C MARTINDALE II
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02MA6383802
Qualified in New York County
My Commission Expires: 11/24/22